IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WILLIE P. JAUDON,                      )
                                       )
        Petitioner,                    )
                                       )
v.                                     )    CASE NO. CV419-081
                                       )
U.S. RAILROAD RETIREMENT BOARD         )
and SOCIAL SECURITY                    )
ADMINISTRATION OF STATESBORO,          )
GA.,                                   )
                                       )
        Respondents.                   )
_____)

**O R D E R**

Before this Court is Petitioner's Motion for Entry of

Default Judgment. (Doc. 7.) For the following reasons,

Petitioner's motion is **DISMISSED**.

On April 16, 2019, Petitioner filed a petition for a

writ of mandamus, an alternative writ, or a rule nisi,

seeking to challenge the amount of his retirement benefits.

(Doc. 1.) Petitioner has now filed a Motion for Default

Judgment contending that Respondents were served on April

22, 2019 and that their failure to answer as of June 12,

2019 warrants an entry of default judgment. (Doc. 7 at 2.)

Respondents have responded in opposition to Petitioner's

motion and argue, in part, that Petitioner did not perfect

service on Respondents and that, accordingly, Respondents are not in default. (Doc. 9 at 1-2.) Respondents also state that Petitioner cannot pursue a default judgment at this point because there has been no Clerk's entry of default. (Id. at 2.)

This Court finds that it must dismiss Petitioner's Motion for Default Judgment. "Prior to obtaining a default judgment under . . . Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 (4th ed. 2016); see also Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981).[1] The purpose of first requiring an entry of default is to afford the

---

[1] The Second Circuit explained the full procedure for seeking default and default judgment as follows:

> The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk. Finally, Rule 55(c) authorizes a motion to set aside a default judgment pursuant to Rule 60(b).

Meehan, 652 F.2d at 276 (internal citations omitted).

2

defendant an opportunity to have the default set aside, pursuant to Federal Rule of Civil Procedure 55(c), prior to the entry of a default judgment.[2] As the entry of default is a necessary precursor to filing a motion for default judgment, Petitioner's motion is not properly before the Court at this time. Therefore, Petitioner's motion is **DISMISSED**.

The Court makes no findings in regards to Respondents' arguments that service has not been perfected. Because Respondents more fully briefed their argument regarding service in their recently filed Motion to Dismiss (Doc. 8), which is not yet ripe for review, this Court will not take up that argument at this time. However, Petitioner is advised that even pro se litigants must comply with the Federal Rules of Civil Procedure, including the requirements regarding service of pleadings. Moreno v. Serco Inc., 734 F. App'x 656, 658 (11th Cir. 2018)

---

[2] It is clear why the Federal Rules of Civil Procedure provide a party with the opportunity to set aside an entry of default prior to the entry of default judgment. The standard for obtaining relief from an entry of default is much less demanding than obtaining relief from a default judgment. Compare Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause . . . ."), with id. 60(b) (allowing relief from judgment for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect").

("Although we liberally construe pro se pleadings, pro se litigants must still follow procedural rules.") (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007))).

SO ORDERED this 24th day of June 2019.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA