# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIE P. JAUDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CV419-081 |
| | ) | |
| U.S. RAILROAD RETIREMENT BOARD, | ) | |
| SOCIAL SECURITY ADMINISTRATION | ) | |
| OF STATESBORO, GA, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The defendants in this retirement benefits case have moved to dismiss the action on a number of grounds. *See* doc. 10 at 1. Pending resolution of their motion to dismiss, they seek a stay of any discovery. *Id.* They also note that the *pro se* plaintiff in this case has failed to disclose a phone number where he can be reached, and this failure has prevented them from soliciting his consent to the stay. *Id.* For the reasons explained below, defendants' motion is **GRANTED**. Doc. 10.

As defendant's brief points out, this Court has broad discretion to stay discovery pending the resolution of a dispositive motion. *See S. Motors Chevrolet, Inc. v. General Motors, LLC*, 2014 WL 5644089, at * 1 (S.D. Ga. Nov. 4, 2014). The Court has conducted the "preliminary peek"

at the dismissal motion, *see, e.g., McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006), and concludes that stay is appropriate. Particularly given defendants' assertion that this Court lacks subject-matter jurisdiction over Jaudon's claims, any discovery would be premature until the Court is assured that it has jurisdiction. *See, e.g., Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[B]ecause it involves a court's power to hear a case, . . . courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." (quotes and cite omitted)). Moreover, Jaudon has not opposed defendants' motion to stay. His silence is construed as consent. *See* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond [to a motion] within the applicable time period shall indicate that there is no opposition to a motion."). Accordingly, all deadlines in this case are **STAYED** until defendants' motion to dismiss is resolved. If any claims remain pending, the parties are **DIRECTED** to confer within thirty days of the disposition and submit a proposed Scheduling Order, pursuant to Fed. R. Civ. P. 26(f).

The only issue remaining is Jaudon's failure to provide adequate contact information. Defendants are correct that the Federal Rules of Civil Procedure require pleadings to include "the signer's address, e-mail

address, and telephone number." Fed. R. Civ. P. 11(a). Jaudon has only provided his mailing address. In order to facilitate any further litigation in this case, he must provide further contact information. Within fourteen days of the date of this Order, Jaudon is **DIRECTED** to file a document entitled "Notice of Contact Information" with the Clerk of Court. That document must confirm Jaudon's mailing address, list a phone number—equipped with voicemail if available—where he can reliably be reached, and an email address. If Jaudon does not have an email address or phone number, the Notice should state that the method of contact is "Not Available." Failure to comply with this directive may result in a recommendation of dismissal of this action. *See* Fed. R. Civ. P. 41(b)

**SO ORDERED**, this 18th day of July, 2019.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia