# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIE P. JAUDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-081 |
| | ) | |
| U.S. RAILROAD RETIREMENT | ) | |
| BOARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The defendants in this case, the United States Railroad Retirement Board and United States Social Security Administration have moved to dismiss it on several grounds. Doc. 8. For the reasons explained below, the Court declines to reach the motion at this time. Consequently, plaintiff's motion to expedite determination on "the merits of [his] 'Reply to Motion to Dismiss,'" is **DISMISSED** as moot. Doc. 17. Finally, plaintiff's original complaint, which seeks equitable relief under the Mandamus Act, 28 U.S.C. § 1361, or, alternatively, the All Writs Act, 28 U.S.C. § 1651, has been docketed as a motion. *See* doc. 1. Although it seeks equitable relief, it does not seek preliminary relief. *See* Fed. R. Civ. P. 65 (establishing the procedure for seeking preliminary equitable relief).

Accordingly, it should be construed as a Complaint seeking equitable relief, not a motion. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). The Clerk is **DIRECTED** to amend the docket accordingly.

Among the issues raised in defendants' motion to dismiss is their contention that plaintiff has failed to effectively serve either defendant. *See* doc. 8 at 14-16. As the defendants correctly point out, failure to effectively serve is a jurisdictional defect. *See, e.g., Pouyeh v. Pub. Health Tr. of Jackson Health Sys.*, 718 F. App'x 786, 790 (11th Cir. 2017) (quoting *Pardazi v. Cullman Med. Crt.*, 896 F.2d 1313, 1317 (11th Cir. 1990)). Plaintiff's *pro se* status does not alter his responsibility to effectively serve the defendants. *See Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) ("While pro se pleadings are afforded some leniency, they must still conform to procedural rules.").

The procedures for serving an agency of the United States government are established by Fed. R. Civ. P. 4(i). The critical omission in Jaudon's service attempt is his failure to serve the United States. *See* Fed. R. Civ. P. (4)(i)(2) (service on an agency requires that the plaintiff, "serve the United States *and also*" provide notice to the agency (emphasis

added)). Serving the United States requires that a plaintiff both (1) deliver a copy of the complaint and summons to the United States attorney for the district where the action is brought, and (2) send copies of the complaint and summons to the Attorney General of the United States at Washington, D.C. Fed. R. Civ. P. 4(i)(1)(A)-(B). The defendants submitted declarations that no service had been made on either the United States Attorney for this District or on the Attorney General. *See* doc. 8 at 14-15 (citing docs. 8-2 & 8-3). Plaintiff's response does not dispute his failure to serve either the United States Attorney or the Attorney General. *See* doc. 14 at 7.

Although plaintiff has not effectively served either of the agency defendants, and in light of his *pro se* status, the Court is inclined to afford him an opportunity to cure the defects in the service of process. *See Horenkamp v. Van Winkle & Co.,* 402 F.3d 1129, 1132 (11th Cir. 2005) (holding "that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause," and noting that the defendant "had notice of the suit"). The defendants have established that service was defective, but their response indicates that the Government had some notice of the suit. Since Jaudon

did not comply with the service requirements imposed by Rule 4(i)(1), the questions raised about whether the individual employees of the respective agencies were proper recipients of service are moot. *See* doc. 8 at 16-16 (noting that employees served at the Railroad Retirement Board and Social Security Administration are not authorized to accept service). However, Jaudon would be well served to consider those issues should he chose to pursue this case and attempt to perfect service.

Therefore, plaintiff is **DIRECTED** to properly serve the Railroad Retirement Board and Social Security Administration within sixty days of the date of this Order. Failure to provide proof of service in compliance with Fed. R. Civ. P. 4 within that period may result in a recommendation of dismissal for failure to timely serve, *see* Fed. R. Civ. P. 4(m), or on abandonment grounds, *see* Fed. R. Civ. P. 41(b).

In addition to arguing that service was inadequate, the defendants also argue that the Court lacks subject matter jurisdiction over Jaudon's suit. *See* doc. 8 at 9-12. If that argument were valid, the service issue would be moot. It is not. The dispute does, however, illustrate plaintiff's failure to adequately establish the Court's subject matter jurisdiction over his claims. Accordingly, he must amend his pleading and clarify.

The defendants argue that the Court lacks jurisdiction to review decisions by the Railroad Retirement Board and Social Security Administration under the circumstances of this case. Jaudon responds by pointing out that his Complaint does not seek review of those agencies' decisions; it asserts a constitutional claim. *See, e.g.,* doc. 1 at 1 (asserting right to disputed benefits "under the 'property' clause of the 14th Amendment of the U.S. Constitution, or 'due process'"); *see also id.* at 4. The defendants' confusion is understandable given the unorthodox character of plaintiff's Complaint. For jurisdictional purposes, however, a constitutional claim appears meaningfully different from a statutorily authorized review of an agency decision.

Regardless of the confusion about the nature of the claims, this Court has an independent obligation to determine whether subject matter jurisdiction exists. *See, e.g. Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Further, plaintiff bears the burden of establishing the Court's jurisdiction over his claims. *See, e.g., Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) ("The burden for establishing federal subject

matter jurisdiction rests with the party brining the claim." (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). Since the exact nature of Jaudon's claim is not clear, he cannot establish the existence of subject matter jurisdiction. He must, therefore, clarify the nature of his claim.

The federal statutes that authorize the equitable remedy that Jaudon seeks, 28 U.S.C. §§ 1361 and 1651, do not provide independent bases for the Court's subject matter jurisdiction. *See, e.g., Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099 (11th Cir. 2004) (the All Writs Act "does not create any substantive federal jurisdiction."); *Starbuck v. City & Cnty. of San Francisco*, 556 F.2d 450, 459 (9th Cir. 1977) (Section 1361 "does not provide an independent ground for jurisdiction"). Jaudon must, therefore, clarify whether he contends that subject matter jurisdiction over his claims derives from the Constitution or the statutes empowering the respective agencies. Although the Court recognizes that this issue is technical and complicated, it is not empowered to provide any guidance to Jaudon in formulating his claim. *See, e.g., Nezbeda v. Liberty Mut. Ins. Co.*, 789 F. App'x 180, 182 (11th Cir. 2019) ("[The] liberal construction [of *pro se* pleadings], however 'does not give a court license to serve as de facto

counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" (citation omitted)).

Jaudon is, therefore, **DIRECTED** to file an Amended Complaint sufficient to establish this Court's subject matter jurisdiction over his claims. He must file the Amended Complaint within the sixty-day period established above for perfection of service. When that period has expired, the Court will review the state of this case to determine whether Jaudon has **BOTH** (1) established this Court's subject matter jurisdiction over his claims and (2) effectively served the defendants. If defendants are effectively served, they are free to file a responsive pleading challenging Jaudon's assertion of subject matter jurisdiction within the time provided under the Federal Rules. The Clerk is **DIRECTED** to **ADMINISTRATIVELY TERMINATE** the Motion to Dismiss, doc 8, pending Jaudon's compliance with the directives of this Order.

**SO ORDERED,** this 12th day of March, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA