# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| WILLIE P. JAUDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV419-081 |
| ) | |
| U.S. RAILROAD RETIREMENT ) | |
| BOARD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This Court previously ordered *pro se* plaintiff Willie P. Jaudon to effect proper service on the defendant agencies, the U.S. Railroad Retirement Board and the Social Security Administration, and to amend his complaint to establish some basis for this Court's subject-matter jurisdiction. *See* doc. 18. Jaudon filed an Amended Complaint. Doc. 19. He also filed a document indicating a partial attempt to effect service on the defendants. *See* doc. 22. The defendants now move to dismiss the Amended Complaint because they have still not been effectively served and because the Amended Complaint fails to state a claim upon which relief may be granted. *See* doc. 23. Jaudon did not file any response to

that motion. He did, however, file a second document purporting to show service on the agencies. *See* doc. 22.

The agencies' Motion to Dismiss, which stands unopposed, *see* S.D. Ga. L. Civ. R. 7.5, raises two arguments that the Amended Complaint should be dismissed. *See generally* doc. 23. First, the agencies argue that they have still not been effectively served. *See id.* at 5-8. Second, they argue that the Amended Complaint fails to state a claim upon which relief may be granted, whether it is construed to assert constitutional or statutory claims. *Id.* at 8-14.

The Court might treat the agencies' two arguments as alternative, but, conceptually, the question of service precedes the question of the Amended Complaint's substantive adequacy. A court may not exercise authority over any defendant party absent effective formal service. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."); *Forde v. Miami Fed. Dept. of Corrs.*, 578 F. App'x 877, 880 (11th Cir. 2014) ("For a court to exercise personal jurisdiction over a given defendant, that defendant must receive more

than mere notice." (citation omitted)); *Mosley v. Meadows Reg'l Med. Ctr.*, 2013 WL 1681215, at * 1 (S.D. Ga. Apr. 17, 2013). Given the jurisdictional character of the service issue, *see, e.g., Pouyeh v. Pub. Health Tr. Of Jackson Health Sys.*, 718 F. App'x 786, 790 (11th Cir. 2017) (citation omitted), it is properly considered before the substantive argument.

The requirements for effective service are established by Rule 4. Since both the Railroad Retirement Board and Social Security Administration are agencies of the United States, service upon them is governed by Rule 4(i). *See* Fed. R. Civ. P. 4(i); *cf. United States v. Jacobs*, 100 F. Supp. 189, 191-92 (N.D. Ala. 1951) (explaining the Railroad Retirement Board, "is an independent agency of the executive branch of the government of the United States, established under the Railroad Retirement Act of 1937, as amended"). Effective service on both defendants, therefore, required plaintiff to "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). Service on the United States, in turn, requires "a party [to either] . . . (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; . . . send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.," and serve any nonparty agency or officer whose order the action challenges. Fed. R. Civ. P. 4(i)(1).

The Government contends that service upon the agencies was defective, pursuant to Rule 4(i)(2). *See* doc. 23 at 5-6. It also argues that the attempts Jaudon made to serve the Attorney General and U.S. Attorney, in response to the Court's prior Order, were insufficient, pursuant to Rule 4(i)(1). *See id.* at 7. Since service on the Attorney General and U.S. Attorney was never effected, the agencies' Motion to Dismiss should be granted, notwithstanding the alternative arguments.

Jaudon filed a document captioned "Proof of Service on the U.S. – Attorney General and District U.S. Attorney."[1] Doc. 22 at 1. The attached registered mail receipts indicate that Jaudon mailed something (the Court assumes, without deciding, that the documents he mailed included the

---

[1] The Federal Rules require that "[e]xcept for service by a United States marshal or deputy marshal, proof [of service] must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). The document submitted is not an affidavit. Nevertheless, proof of service is generally amendable. Fed. R. Civ. P. 4(l)(3). Since, as explained below, service is defective, amendment to provide sufficient proof is moot.

4

required summons and copy of the Amended Complaint, Fed. R. Civ. P. 4(c)(1)²) to the Attorney General and United States Attorney's office. *See* doc. 22 at 2. The agencies point out that, by mailing the documents himself rather than having a nonparty do so, Jaudon contravened Rule 4(c)(2)'s mandate that "[a]ny person who is at least 18 years old *and not a party* may serve a summons and complaint." *Id.* (emphasis added); *see also* doc. 23 at 7.

The agencies are correct.³ The United States District Court for the District of Columbia has explained that, "virtually every court that has

---

² The Court assumes the contents of the mailings notwithstanding plaintiff's obligation to prove effective service. *See, e.g., Smith v. Roundtree*, 2015 WL 5971587, at * 3 (S.D. Ga. Oct. 14, 2015) ("The burden is on the plaintiff to establish the validity of service of process on the defendant."). Here, Jaudon's "certificate" refers only to service of the Amended Complaint. *See* doc. 22. The Rule, however, requires delivery of "a copy of *the summons* and of the complaint" to the U.S. Attorney and Attorney General. Fed. R. Civ. P. 4(i)(1) (emphasis added). In the absence of any indication by Jaudon that he included copies of the summons in the materials mailed, the Court might find that he has not borne his burden. The agencies' motion, however, does not identify the lack of summons as a defect. *See* doc. 23 at 7. The Court might, therefore, also find that the defendant agencies have not described the defect with sufficient specificity. *See Fru Veg Marketing, Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1181-82 (S.D. Fla. 2012) ("Initially the defendant has the burden of challenging the sufficiency of service and must describe with specificity how the service of process failed to meet the procedural requirements of Fed. R. Civ. P. 4." (quotation and citation omitted)). Given that service remains undisputedly defective, as explained below, the question is moot.

³ In support of its argument, the Government points to the United States Court of Appeals' opinion in *Ojelade v. Coleman*, 258 F. App'x 257 (11th Cir. 2007). Doc. 23 at 7. The *Ojelade* court does note that the *pro se* plaintiff failed to "enlist" a nonparty to

addressed the issue has concluded that Rule 4(i)(1) must be read in conjunction with the restrictions set out in Rule 4(c)(2)." *Smith v. United States*, 475 F. Supp. 2d 1, 9 (D.D.C. 2006) (collecting cases). Based on that consensus, the court concluded: "[g]iven the fact that [the plaintiff] effected service himself by sending the summons and Complaint in this case by certified mail to the Attorney General and the United States Attorney . . . , it is clear that [he] did not comply with the basic requirements of Federal Rule of Civil Procedure 4(c)(2). As such, the apparent service upon [the United States] was defective." *Id*. Service is similarly defective here.

However, the *Smith* court noted, despite the defective service, that "though it certainly *could* grant Defendant's motion to Dismiss in its entirety based on this reasoning, the Court is hesitant to take such a step in light of" plaintiff's *pro se* status. *Smith*, 475 F. Supp 2d at 10. This Court shares that hesitancy. However, there are limits to the leniency

---

effect service, but also that he persisted in attempting to service via USPS, despite being "explicitly advised [by the court] that sending summonses via USPS was insufficient service." *Id*. The apparent breadth of the defects in that case make it a less than compelling authority here. Moreover, it fails to grapple with the fact that the text of Rule 4(i) suggests that service upon the United States and its agencies may be effected by "a party." Fed. R. Civ. P. 4(i).

6

afforded to *pro se* parties. *See Pouyeh*, 718 F. App'x at 789-90 (despite the liberal construction of *pro se* filings, "we still require them to comply with procedural rules, like the rules of service in Rule 4 . . . ."). In particular, where a *pro se* party is "on direct notice . . . as to the exact rule and requirements of service that [he] was required to meet," and a significant time lapses without any attempt to rectify the defect, dismissal has been imposed. *See Paul v. Didizian*, 292 F.R.D. 151, 156 (D.D.C. 2013).

Jaudon had more than sufficient notice and opportunity to properly effect service. The defendant agencies first moved to dismiss this case, noting the specific defects in Jaudon's prior attempts to serve, in June 2019. *See* doc. 8 at 14-16. Despite that motion, he took no apparent steps to cure the defects; his untimely response did not even mention the service issue. *See* doc. 14. The Court then provided Jaudon with explicit notice of the service defects and the applicable rules. Doc. 18 at 2-4. The Order expressly warned him that failure to properly serve, and prove effective service, "may result in a recommendation of dismissal for failure to timely serve . . . ." *Id.* at 4. He then *attempted* to serve the Attorney General and U.S. Attorney. *See* doc. 22. After that attempt, the agencies' motion put him on notice of the persistent defect. Doc. 23 at 7. The agencies also

pointed out that Jaudon appears to have been aware of the restrictions on service by a party, as his previous, albeit defective, certificates of service were completed by nonparties. *Id.*; *see also* docs. 4 & 5. Jaudon appears to have appreciated at least some of the agencies' argument as he attempted to correct defective service on the agencies themselves, but not on the Attorney General or U.S. Attorney. *See* doc. 26. He also never responded in opposition to the Motion to Dismiss. *Cf.* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within the applicable [fourteen-day] time period shall indicate that there is no opposition to a motion."). There is no question, therefore, that Jaudon has been expressly directed to the operative rules, both by the agencies and this Court, and has had multiple opportunities to ensure that service complies with those rules.

Given Jaudon's ample opportunities to correct the defects in service, and the jurisdictional significance of service, the Motion to Dismiss, doc. 23, should be **GRANTED**, notwithstanding Jaudon's *pro se* status, to the extent that it seeks dismissal of plaintiff's claims, without prejudice, for insufficient service of process.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this

Court's Local Rule 72.3. Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>5th</u> day of February, 2021.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
